UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| GEORGE D. HOUSER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 16-1142 (RBW) |
| DIANA CHURCH, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, against the Internal Revenue Service ("IRS"), a component of the United States Department of the Treasury.[1] This matter is before the Court on Defendants' Motion to Dismiss, ECF No. 9.[2] For the reasons discussed below, the Court motion is granted in part and denied in part.

---

[1] The individual defendants named in the Complaint, *see* Complaint ("Compl.") ¶¶ 2-4, have been dismissed as parties in this case, *see* Order, ECF No. 6. Therefore, the Court dismisses Count Five of the Complaint, *see* Compl. ¶¶ 50-62, which seeks to bring claims against these individuals.

[2] Also before the Court is the plaintiff's Motion to Strike the Declaration of William M. Rowe, ECF No. 23. Generally, the plaintiff contends that the declaration is not made on the basis of Mr. Rowe's personal knowledge and that it contains hearsay. *Id*. at 1. Often, the individual "in charge of coordinating an agency's document search efforts is the most appropriate person to provide a comprehensive affidavit in FOIA litigation." *Cunningham v. U.S. Dep't of Justice*, 40 F. Supp. 3d 71, 84 (D.D.C. 2014), *aff'd,* No. 14-5112, 2014 WL 5838164 (D.C. Cir. Oct. 21, 2014). A FOIA declarant who states "his personal knowledge of the procedures used in handling [the plaintiff's] request and his familiarity with the documents in question," *Spannaus v. U.S. Dep't of Justice*, 813 F.2d 1285, 1289 (4th Cir. 1987), meets this personal knowledge

(continued . . . )

I. BACKGROUND

According to the plaintiff, he "was false[ly] convicted of Health Care and Tax Fraud." Complaint ("Compl.") ¶ 25. The conviction was rendered in the United States District Court for the Northern District of Georgia, and specifically, the plaintiff was convicted of "one count of conspiring with his wife . . . to commit health care fraud, in violation of 18 U.S.C. § 1349, of eight counts of payroll tax fraud, in violation of 26 U.S.C. § 7202, and of two counts of failure to timely file income tax returns, in violation of 26 U.S.C. § 7203." *United States v. Houser*, 754 F.3d 1335, 1337 (11th Cir. 2014). The plaintiff was sentenced to an aggregate 240-month term of incarceration. *See* Pl.'s Opp'n, Affidavit ("Aff.") Four, Attachment ("Attach.") (Judgment in a Criminal Case, *United States v. Houser*, No. 4:10-CR-12-01 (N.D. Ga. Aug. 14, 2012)).[3] In addition, the court "ordered [the plaintiff] to pay nearly $7 million in restitution to Medicare and Medicaid and more than $870,000 to the [IRS]." *Houser*, 754 F.3d at 1337.

The plaintiff's quest for documents began with his June 28, 2015 submissions to the IRS. Compl. ¶ 9. The plaintiff generally seeks records "including, but not limited to, letters, correspondence, notes, [d]ata, memoranda, notes, email[s] . . . , technical manuals, books, photographs, and tangible objects" pertaining to the plaintiff himself and five corporate entities: Forum Healthcare Group, Inc., Forum Group Management Services, Inc., Forum Group at Mount Berry Nursing & Rehabilitation Center, LLC, Forum Group at Moran Lake Nursing & Rehabilitation Center, LLC, and Forum Group at Wildwood Park Nursing & Rehabilitation

---

(. . . continued)
requirement, as does Mr. Rowe, *see* Declaration of William M. Rowe ("Rowe Decl.") ¶¶ 1-4, even if he did not process the plaintiff's FOIA request personally. The plaintiff's motion to strike is therefore denied.

[3] The Court will deny the plaintiff's Motion for Summary Judgment, ECF No. 24, and treat it as the plaintiff's opposition ("Pl.'s Opp'n") to the defendants' motion.

Center, LLC. *Id*., Exhibit ("Ex.") 1 (Letter to Diana Church, Freedom of Information Act Headquarters, Internal Revenue Service, from the plaintiff dated June 25, 2015 (hereinafter "FOIA Request")), Ex. A at 1. In addition, the plaintiff requested expedited processing of his request and a waiver of all fees resulting from his document request. *See id*. at 2, 4-5.

The plaintiff asked for records "in paper format where possible[.]" *Id*. at 1. He also asked for "assistance in inspecting the records prior to receiving them," and proposes the following procedure:

> If you provide a compact disk to [Correctional] Counselor Todd . . . , the prison, while retaining control of the disk, will allow me to inspect its contents, determine which records I need, and subsequently return the disk uncopied. Because [the Federal Correctional Institution in Ashland, Kentucky] does not allow inmates to copy materials from compact disks, and because I will therefore need the selected records in paper format, this procedure is the effective equivalent of inspecting the record in an [IRS] reading room.

*Id*. at 1-2.

The IRS responded with instructions for the plaintiff to "provide the written consent of an individual authorized to act on behalf of the corporations [identified in the FOIA Request] before [the agency could] consider releasing the records [he] requested." Compl., Ex. 2 (Letter to the plaintiff from Cassandra E. Knight-Paige, Disclosure Specialist, Disclosure Office, dated July 8, 2015) at 1. One option proposed by Ms. Knight-Page was for the individual providing the authorization to "proffer[] a statement made under penalty [sic] of perjury in accord[ance] with 28 U.S.C.[] § 1746[.]" *Id*. ¶ 11.

On July 30, 2015, the plaintiff sent to the IRS "a nine (9) page Consent Agreement, an unsworn declaration under penalty of perjury pursuant to 28 U.S.C.[] § 1746 . . . , and an excerpt of [IRS] field officer Odell Justice's trial testimony naming [the plaintiff as the person] authorized to represent the [corporate] entities before the [IRS]." Compl. ¶ 12; *see generally id*.,

3

Ex. 3 (Letter to Cassandra E. Knight-Paige from the plaintiff dated July 30, 2015, with attachments). The declaration was titled "Unsworn Declaration Under Penalty of Perjury," and does not bear the plaintiff's signature. *Id*., Ex. 3 (Attestation).

In response, the IRS again sought "the written consent of an individual authorized on behalf of [the] corporations" identified in the FOIA request "before [the IRS would] consider releasing the records [the plaintiff] requested." *Id*., Ex. 4 (Letter to the plaintiff from Cassandra E. Knight-Page dated August 10, 2015) at 1. It was unclear to the plaintiff whether the IRS received his July 30, 2015 correspondence, *see id*. ¶ 15, and his next letter to the IRS asked whether the parties' correspondence had "cross[ed] in the mail," *id*., Ex. 5 (Letter to Cassandra E. Knight-Paige from the plaintiff dated August 20, 2015). He also sought to amend his FOIA request as follows:

> [W]ould you please change the date range for the request by extending the date . . . to either the date the request is fulfilled, or, preferably, 12/31/15. This change is being made so that the request encompasses and includes all inter- and intra-agency communications the IRS receives that involve the FOIA request itself.

*Id*., Ex. 5 (emphasis removed).

Still considering the plaintiff's request incomplete, the IRS responded by acknowledging receipt of the plaintiff's August 20, 2015 correspondence and clarified that its August 10, 2015 letter was sent in response to the plaintiff's July 30, 2015 letter. *See id*., Ex. 6 (Letter to the plaintiff from Cassandra E. Knight-Paige dated September 8, 2015). The IRS directed the plaintiff to follow the instructions provided in its August 10, 2015 letter in order for the plaintiff to perfect his request. *Id*., Ex. 6. The plaintiff then sent a letter to the IRS which summarized all of the correspondence between the parties and stated his dissatisfaction with the lack of a substantive response to his FOIA request, that being, the IRS's alleged refusal to disclose

4

responsive records. *See generally id*., Ex. 7 (Letter to Cassandra E. Knight Page, Diana Church, and the Director, Office of Governmental Liaison and Disclosure, Freedom of Information Act Affairs, IRS, from the plaintiff dated October 20, 2015).

The IRS again asked for a statement pursuant to 28 U.S.C. § 1746, either swearing or affirming the plaintiff's identity, because the statements the plaintiff previously submitted were unsworn. *Id*., Ex. 8 (Letter to the plaintiff from Cassandra E. Knight-Paige dated November 25, 2015) at 1. With regard to the fees required to process the plaintiff's FOIA request, the IRS asked the plaintiff either to agree to pay the search and copy fees, or to submit a request for a reduction or waiver of the fees. *Id*., Ex. 8 at 2. The plaintiff maintained that he already had submitted a proper verification of his identity, and he agreed to pay the fees associated with the processing of his request. *See generally id*., Ex. 8 (Letter to Cassandra E. Knight-Paige and Diana Church from the plaintiff dated December 18, 2015) at 1-2. According to the plaintiff, he submitted yet "another unsworn declaration pursuant to 28 U.S.C.[] (first tendered on 30 July 2015)[.]" *Id*. ¶ 9. The declaration purportedly executed by the plaintiff on December 18, 2015, bore his signature. *Id*., Ex. 9B (Unsworn Declaration Under Penalty of Perjury).[4]

The IRS denied the plaintiff's requests to expedite the processing of his FOIA request, *id*. ¶ 20; *see id*., Ex. 10 (Letter to the plaintiff from Cassandra E. Knight-Paige dated January 12, 2016), and requested additional time to otherwise respond to his document request, *see id*., Ex. 11 (Letter to the plaintiff from Cassandra E. Knight-Paige dated January 27, 2016) at 1. According to IRS records, "on February 23, 2016, disclosure specialist Cassandra E. Knight-Paige created a CD containing responsive documents to be released to the [p]laintiff," and she

---

[4] The plaintiff has attached exhibits to his exhibits. He designates this unsworn declaration as Exhibit B to Complaint Exhibit 9.

5

"mailed the determination letter and CD to the [p]laintiff" on February 24, 2016. Memorandum of Law in Support of Defendants' Motion to Dismiss ("Defs.' Mem."), Declaration ("Decl.") of William M. Rowe ("Rowe Decl.") ¶ 5 & Ex. 1 (Letter to the plaintiff from P. Sharisse Tompkins, Disclosure Manager, District Office 9, IRS). The IRS explained that it was responding to the plaintiff's December 18, 2015 request, that it had located 196 pages of responsive records, and that it withheld 36 pages in part under FOIA Exemptions 3, 5 and 7(A). Rowe Decl., Ex. 1 at 1. The records disclosed to the plaintiff were provided to him at no charge on a CD that was encrypted. *Id.*, Ex. 1 at 2. The IRS's response included "a Notice 393 . . . notifying the [p]laintiff of his right to appeal." *Id.* ¶ 7; *see id.*, Ex. 2. IRS records further showed that "the IRS Office of Appeals has no record of George D. Houser filing any administrative appeals." Defs.' Mem., Decl. of Brenda Lee Rivers ("Rivers Decl.") ¶ 3.

It appears that the CD sent to the plaintiff "contain[ed] an executable ('.exe') file," and "computer media containing executable files . . . are not acceptable correspondence" for inmates in the custody of the Bureau of Prisons ("BOP"). Pl.'s Opp'n at 23; *see id.*, Aff. Three at 8-9. For this reason, the plaintiff explains that the CD "was unreadable." *Id.* Furthermore, the plaintiff claims that he "received no CD[] until Mid-April." *Id.* at 24. He therefore doubts that the CD could have been mailed on February 24, 2016, as the IRS claimed, because in his experience, mail to and from inmates ordinarily would be delivered within approximately 10 days. *See id.* The plaintiff opines that the February 24, 2016 determination letter "was not authentic, was not sent to [the plaintiff] at all, and, most significantly, was not sent to [him] prior to his initiation of the Complaint." *Id.*

On March 29, 2017, in a certified mailing with the marking "Legal Mail" on the envelope, the defendants' counsel sent the plaintiff "a free-of-charge hard copy of the documents

responsive to [his FOIA] request for records that form the subject of this suit." Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss (or Opposition to the Plaintiff's Motion to Strike and Summary Judgment Motion), ECF No. 29, Decl. of Olga L. Tobin ("Tobin Decl.") ¶ 2. These copies "were an exact duplicate of the responsive records the [IRS] provided to the [p]laintiff on a CD before he filed this lawsuit." Tobin Decl. ¶ 3. "According to the [United States Postal Service] tracking system," these copies were delivered on April 3, 2017. *Id*. ¶ 5.

The plaintiff alleges that the defendants "knowingly prolonged, delayed and refused disclosure of the specific records requested on [June 28,] 2015." Compl. ¶ 22. He filed this civil action on June 2, 2016,[5] challenging the IRS's response to his request for documents (Count One), denial of his request for expedited processing (Count Two), and the denial of his fee waiver request (Count Three). In addition, the plaintiff demands an explanation for the IRS's delay in responding to his FOIA request (Count Four).

## II. DISCUSSION

The IRS moves to dismiss Counts One, Three and Four of the Complaint on the ground that these claims should be dismissed due to the plaintiff's failure to exhaust his administrative remedies. *See generally* Defs.' Mem. at 5-11. And, it seeks dismissal of Count Two for lack of subject matter jurisdiction. *See id*. at 12.

---

[5] The plaintiff's Complaint and application to proceed *in forma pauperis* bear date stamps indicating that the Clerk of Court received them on June 2, 2016. Review of the docket reveals that the Court granted the plaintiff's *in forma pauperis* application on June 21, 2016, and the Clerk of Court officially docketed the Complaint and application on CM/ECF on June 22, 2016. The Court treats the Complaint as if it had been filed on June 2, 2016.

## A. Count One[6]

"Exhaustion of administrative remedies is generally required before seeking judicial review" under the FOIA. *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam). Exhaustion allows "the agency [] an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Id.* (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)). It is not a jurisdictional requirement, *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003), but instead is a prudential consideration, *Wilbur*, 355 F.3d at 677.

As support for its exhaustion argument, the IRS relies on an IRS regulation, *see* Defs.' Mem. at 6, which sets deadlines for a requester to file an administrative appeal. The regulation provides, in relevant part, that:

> The requester may submit an administrative appeal to the Commissioner of Internal Revenue by letter that is postmarked within 35 days after the later of the date of any letter of notification [denying his request], the date of any letter of notification of an adverse determination of the requester's fee waiver or reduction request . . . , the date of any letter determining that no responsive records exist, or the date of the last transmission of the last records released.

26 C.F.R. § 601.702(c)(10)(i). With respect to the IRS's decision to deny a request for expedited processing, the requester's administrative appeal must be submitted in writing and postmarked within 10 days after its letter of notification. *Id*. The IRS argues that its February 24, 2016 response to the plaintiff's FOIA request is an agency determination that the plaintiff was required

---

[6] "A FOIA plaintiff's failure to exhaust administrative remedies before filing a civil action is properly treated as a failure to state a claim upon which relief may be granted" under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Saldana v. Fed. Bureau of Prisons*, 715 F. Supp. 2d 10, 18 (D.D.C. 2010) (citing *Hidalgo v. FBI*, 344 F.3d 1256, 1260 (D.C. Cir. 2003)). However, because the parties have submitted and the Court has considered matters other than the pleadings, the Court treats the defendants' motion to dismiss Count One as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d), 56.

to appeal administratively, *see* Defs.' Mem. at 6 n.1, 8, which the plaintiff failed to do, see Rivers Decl. ¶ 3.  And, the IRS notes, a requester who has "fail[ed] to comply with an agency's FOIA regulations," *West v. Jackson*, 448 F. Supp. 2d 207, 211 (D.D.C. 2006) (citations omitted), and who neither pays fees nor appeals an agency's refusal to waive fees, *Oglesby*, 920 F.2d at 135, has not exhausted his administrative remedies.

According to the plaintiff, he did not receive the IRS's February 24, 2016 determination letter until January 5, 2017.  *See* Pl.'s Opp'n, Aff. Two ¶ 7 & Aff. Two, Attach. 1 to ¶ 7.  Decryption instructions arrived in a separate envelope, which the plaintiff contends he also received on January 5, 2017.  *Id*., Aff. Two ¶ 7 & Attach. 2 to ¶ 7.  In support of these representations, the plaintiff produced declarations from staff at the BOP's Ashland facility.  *See id*., Aff. Two ¶ 1.  According to these declarations, on January 5, 2017, one staff member hand-delivered to the plaintiff, and a second staff member witnessed the delivery of, two envelopes postmarked February 25, 2016: one contained a one-page letter from the IRS, and the other included a three-page letter and a compact disk.  *See id*., Aff. Two, Attach. 3 & 4 to ¶ 7 (respectively, Notices of Document Delivery signed by Chad Webb, Supervisory of Education, and by Greta Douthat).

If the plaintiff actually received the IRS's response before he filed this lawsuit, he would have been required to first complete the administrative appeal process.  *See Oglesby*, 920 F.2d at 64; *Judicial Watch v. Rossotti*, 285 F. Supp. 2d 17, 26 (D.D.C. 2003).  Here, the plaintiff has submitted declarations sufficient to show that there is a genuine issue of material fact as to when he received the IRS's February 24, 2016 determination letter.  As noted earlier, exhaustion is not a jurisdictional prerequisite, and in the circumstance of this case, the plaintiff cannot be expected to have pursued an administrative appeal of an agency determination he had not received prior to

filing this lawsuit. *Cf. Schwaner v. Dep't of the Army*, 696 F. Supp. 2d 77, 81 (D.D.C. 2010) (concluding that requester who "submits no declaration or other evidence to support his contention that he did not receive a response, whether timely or not, to his FOIA request" had not exhausted his administrative remedies). Although the plaintiff's assertions of bad faith on the part of the IRS, its declarants, and employees involved in the processing of his FOIA request, *see generally* Pl.'s Opp'n at 20-25, are without merit, dismissal of the plaintiff's complaint for failure to exhaust administrative remedies is not warranted based on the record before the Court. Therefore, the Court will deny, in part, the defendants' summary judgment motion.

*B. Counts Two and Three*

The Court summarily dismisses Counts Two and Three. Count Two concerns the plaintiff's request for expedited processing of his FOIA request. The FOIA subjects an agency's decision with respect to an expedited processing request to judicial review. *See* 5 U.S.C. § 552(a)(6)(E)(iii). However, the FOIA strips the district court of jurisdiction once "the agency has provided a complete response to the request." *Id*. § 552(a)(6)(E)(iv). Here, because the IRS already has processed the plaintiff's FOIA request, this Court no longer may entertain the plaintiff's request for expedited processing of that request. S*ee, e.g., Judicial Watch v. U.S. Naval Observatory*, 160 F. Supp. 2d 111, 112 (D.D.C. 2001).

Count Three concerns the plaintiff's request for a waiver of fees related to the processing of his document request. The IRS has processed the plaintiff's FOIA request and has released responsive records at no cost to the plaintiff. Therefore, the Court dismisses Count Three as moot. *See, e.g., Hall v. CIA*, 437 F.3d 94, 99 (D.C. Cir. 2006).

*D. Count Four*

According to the plaintiff, for months the IRS "was affirmatively nonresponsive" to his FOIA request, and it "now lies to explain its conduct[.]" Compl. ¶ 47. The plaintiff deems the IRS's "responses . . . unreliable," *id*. ¶ 48, and an attempt "to deny [the plaintiff's] substantial rights to Due Process . . . by denying him the right to prove his innocence of the crimes for which he was convicted," *id*. ¶ 49. The plaintiff demands an explanation for the IRS's "noncompliant conduct." *Id*. ¶ 47.

A civil action pursued under the FOIA "obligates [a federal government agency] to provide access to those [records] which it in fact has created and retained." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980). However, the FOIA does not require that an agency answer questions presented in the guise of a FOIA request, *see, e.g., Schoenman v. FBI*, 573 F. Supp. 2d 119, 140 (D.D.C. 2008), nor may a requester expand the scope of his FOIA request in the course of litigation, *see, e.g.*, *Donoghue v. Office of Info. Policy, U.S. Dep't of Justice*, 157 F. Supp. 3d 21, 23 n.2 (D.D.C. 2016); *Coss v. United States Dep't of Justice*, 98 F. Supp. 3d 28, 34 (D.D.C. 2015). Moreover, the FOIA does not offer a remedy for alleged violations of constitutional rights arising from the handling of a FOIA request, *see Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002), even if the plaintiff intends to use the requested records to support a challenge to his criminal conviction, *see, e.g., Clay v. U.S. Dep't of Justice*, 680 F. Supp. 2d 239, 248 (D.D.C. 2010) (rejecting the requester's assertion of a due process right to discovery in his criminal case as a basis for disclosure of records under the FOIA).

Count Four essentially demands an explanation from the IRS regarding the processing of his FOIA request. The plaintiff is therefore attempting not only to expand the scope of this

11

FOIA case, but he is also requesting that the IRS create documents by responding to this request. The FOIA does not require either action on the part of the IRS, and, therefore, Count Four will be dismissed.

Accordingly, it is hereby

ORDERED that the plaintiff's Motion for Summary Judgment [24] is DENIED, and instead the submission is treated as the plaintiff's opposition to the defendants' motion to dismiss. It is

FURTHER ORDERED that the plaintiff's Motion to Strike the Declaration of William M. Rowe [23] is DENIED. It is

FURTHER ORDERED that the plaintiff's Motion to Extend Time to Explain Delay in Completing Final Reply Motion [33] and Motion to Extend Time for 1 Day [34] are DENIED. It is

FURTHER ORDERED that the Defendants' Motion to Dismiss [9] is GRANTED IN PART, in that Counts Two, Three, Four and Five are DISMISSED, and the motion is DENIED in all other respects. Count One of the plaintiff's Complaint therefore survives the IRS's motion. It is

FURTHER ORDERED that, by November 10, 2017, the defendants either shall file a renewed motion for summary judgment or shall propose a schedule for further proceedings in this case.

SO ORDERED.

DATE: September 22, 2017                /s/
                                        REGGIE B. WALTON
                                        United States District Judge